UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS JAMES ROMANO,

    Plaintiff,

  v.

UNITED STATES ARMY CORE OF ENGINEERS (USACE), et al.,

    Defendants.

Case No. 3:17-cv-00930-JD

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 31

Pro se plaintiff Thomas Romano entered into two contracts for the purchase of federal personal property. *See generally* Dkt. No. 1. The first contract concerns a pile of scrap material at Grand Coulee Dam in Washington, sold in 2012 by the United States Army Core of Engineers ("USACE") through a Government Services Administration ("GSA") auction. The second contract concerns hydraulic cylinders at Little Goose Dam in Washington, sold in 2015 by USACE through a GSA auction. For both sales, Romano was responsible for removing the property. Romano's core factual allegations are that USACE misrepresented the property in both sales, did not allow Romano to recover his equipment after failed efforts to remove the scrap material at Grand Coulee Dam, and failed to maintain safe conditions or to warn Romano about unsafe conditions at Little Goose Dam. Dkt. No. 1 at 2-9.

Romano requests money damages on various theories of liability sounding in contract, tort, and the Constitution. With respect to the scrap sale, Romano appears to allege an unconstitutional taking and breach of contract. *Id.* at 12-13. With respect to the hydraulic cylinder sale, Romano alleges false advertising and breach of contract, violations of the government's duty of good faith and fair dealing, violation of implied fiduciary duties, and intentional or negligent infliction of emotional distress. *Id.* at 9-13.

Defendants USACE and GSA move to dismiss for lack of jurisdiction under Rule 12(b)(1), improper venue under Rule 12(b)(3), and for failure to state a claim under Rule 12(b)(6). Dkt. No. 31. Dismissal in this case turns on whether the Court has subject matter jurisdiction over Romano's claims. Federal subject matter jurisdiction is limited by the doctrine of sovereign immunity. "The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). This applies to "federal agencies and to federal employees acting within their official capacities." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).

The plaintiff bears the burden of showing that the government has waived its immunity to suit. *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . . Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Allegations of jurisdictional facts "are not afforded presumptive truthfulness; on a motion to dismiss for lack of subject matter jurisdiction, the court may hear evidence of those facts and resolve factual disputes where necessary." *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014) (quotations and citation omitted).

The Court recognizes its "obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985). This liberal approach to pro se pleadings, however, does not "supply essential elements of the claim that were not initially pled," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), nor can it create subject matter jurisdiction where none exists.

**I.      Contract claims**

Romano's contract claims are governed by the framework of the Little Tucker Act and the Contract Disputes Act. The Little Tucker Act vests the federal courts with jurisdiction over civil actions against the United States seeking less than $10,000. 28 U.S.C. § 1346(a)(2). But expressly excluded from this grant of jurisdiction is "any civil action or claim against the United

2

States founded upon any express or implied contract with the United States . . . . subject to sections 7104(b)(1) and 7107(a)(1) of title 41 [the Contract Disputes Act ('CDA')]." The CDA, 41 U.S.C. §§ 7101, *et seq*, governs claims "relating to" "any express or implied contract . . . made by an executive agency for . . . the disposal of personal property." 41 U.S.C. §§ 7103, 7102(a)(4). Such claims "shall be submitted to the contracting officer for a decision" pursuant to the procedures described in Section 7103. 41 U.S.C. § 7103. "The contracting officer's decision on a claim is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency, unless an appeal or action is timely commenced as authorized by this chapter." 41 U.S.C. § 7103(g). Section 7104(b)(1) allows an action to be brought in the Court of Federal Claims, but not in the United States district courts. 41 U.S.C. § 7104(b)(1).

The two sales raised in Romano's complaint are contracts made by an executive agency for the disposal of personal property. Consequently, they are governed by the CDA and any claims relating to those contracts may not be brought in federal district court. That includes, for the hydraulic cylinder sale, Romano's claims of false advertising, breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of implied fiduciary duty. For the scrap sale, to the extent that Romano seeks damages on a contractual theory, that claim must also be dismissed for lack of jurisdiction. Because amendment would be futile, these contract claims are dismissed with prejudice.

The Court declines to transfer Romano's claims to the Court of Federal Claims under 28 U.S.C. Section 1631. This provision authorizes the transfer of a civil action to the Court of Federal Claims if a transfer would be in the interest of justice and if the action "could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Transfer in this case is inappropriate because on the record before the Court, Romano could not have brought this action before the Court of Federal Claims in the first instance.

First, for contract claims arising out of the hydraulic cylinder sale, Romano has not shown that he first submitted a claim as required by Section 7103. "While a claim need not use particular language to satisfy CDA requirements, the contractor must submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the

3

basis and amount of the claim." *SITCO Gen. Trading & Contracting Co. v. United States*, 87 Fed. Cl. 506, 508 (2009) (quotations and citation omitted). The government has submitted extensive documentation of Romano's communications with the officer in charge of the hydraulic cylinder contract. *See generally* Dkt. No. 11. Those submissions show that Romano did not raise any allegations of contractual liability. Indeed, Romano was refunded the purchase price. Dkt. No. 11-7. Although Romano told the contracting officer that he had been injured while working on-site, that did not amount to a "clear and unequivocal statement" giving GSA "adequate notice of the basis and amount" of any claim. Dkt. No. 11-6.

Next, for contract claims arising out of the scrap sale, assuming for discussion purposes only that Romano did submit a claim pursuant to Section 7103, he failed to appeal the contracting officer's decision on that claim within twelve months. In 2012, Romano and a GSA contracting officer exchanged multiple emails about his dissatisfactions with the sale. *See, e.g.*, Dkt. No. 10-8. In October 2012, Romano rejected GSA's offer of a partial refund. Dkt. No. 10-13. In October and November 2012, the GSA contracting officer informed Romano that because Romano had rejected the offer of a partial refund, had not specified what he sought in damages, and in GSA's view, failed to submit a claim as required by the CDA, the matter was closed. Dkt. Nos. 10-14, 10-15. Assuming that that constituted a contracting officer's decision under Section 7103, Romano was required to file in the Court of Federal Claims within 12 months. 41 U.S.C. § 7104(b)(3). Because Romano filed the instant complaint in February 2017, even if he had filed in the proper court, his claims would be barred.

**II. Tort claims**

Romano's tort claims are governed by the Federal Torts Claim Act ("FTCA"). The FTCA states that no action shall be instituted "for money damages for injury or loss of personal property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). This exhaustion requirement presents a jurisdictional bar and may not be waived. *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986). Section 2675(a) requires that the claimant "file (1) a written statement sufficiently describing the injury to enable the agency to begin its own

4

investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984).

Romano has not shown that he presented his claims to the relevant federal agencies as required. Although Romano states in his opposition that he "has tried some administrative remedies in the past," Dkt. No. 27 at 3, he offers no details or documentation about his attempts to resolve those claims. Further, the government has submitted declarations as of April 2017 indicating that no formal administrative claims have been filed with any of the involved agencies. Dkt. No. 7 (USACE claims officer testifying that he could locate no claims involving the hydraulic cylinder sale); Dkt. No. 8 (Bureau of Reclamation claims officer testifying that she could locate no claims referencing the scrap sale); Dkt. No. 9 (GSA paralegal specialist testifying that she could locate no claims involving Romano).

Consequently, the Court lacks jurisdiction over all of Romano's tort claims. That includes his claims for intentional and negligent infliction of emotional distress arising out of the hydraulic cylinder sale. To the extent that Romano seeks damages arising out of the failed scrap sale on a conversion theory, that claim must also be dismissed for lack of jurisdiction. These claims are all dismissed without prejudice. Romano may be able to address his tort claims' jurisdictional defects by showing that he complied with the FTCA's exhaustion requirement. Because Romano is pro se, the Court also reminds him that he must additionally show his compliance with the FTCA's timeliness requirements. 28 U.S.C. § 2401(b).

### III. Takings claim

Reading Romano's complaint generously, one more potential claim remains. Romano alleges that the government did not return his payment for the scrap metal sale, did not allow him to timely recover his forklift from Grand Coulee, and did not return Romano's metal container bins. Dkt. No. 1 at 12-13. Romano argues that this violates the Fifth Amendment's takings clause, which allows a property owner "to secure compensation in the event of otherwise proper interference amounting to a taking." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005).

Assuming for discussion purposes only that Romano has stated a valid takings claim under the Fifth Amendment, the Court must nevertheless dismiss. If Romano seeks more than $10,000,

5

then the Court lacks jurisdiction because the Tucker Act gives the Federal Court of Claims exclusive jurisdiction over "any claim against the United States . . . founded upon the Constitution" that seeks more than $10,000. 28 U.S.C. §§ 1491(a), 1346(a)(2).

If Romano seeks less than $10,000, then venue is improper. The Little Tucker Act allows Romano to seek money damages for constitutional claims in federal district court only "in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(a)(1). Romano is not a resident of this judicial district. Romano instead represents that "he is a resident of China where he lives with his wife and three kids" and denies that he is a resident of New Jersey, though his complaint lists a New Jersey return address. Dkt. No. 27 at 2.

Because amendment would fix neither the jurisdictional obstacle nor the venue obstacle, Romano's takings claim is dismissed with prejudice.

## CONCLUSION

Romano's contract and takings claims are dismissed with prejudice. Romano's tort claims are dismissed without prejudice. Romano may amend his complaint by **January 19, 2017**. The Court cautions Romano that if he wishes to amend his tort claims, he must show compliance with the timeliness and exhaustion requirements of the FTCA. Romano is also advised that failure to amend by the Court's deadline may result in dismissal with prejudice under FRCP Rule 41(b).

**IT IS SO ORDERED.**

Dated: December 18, 2017

JAMES DONATO
United States District Judge